UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIMOTHY WOOD,

                                                                                                                         DECISION AND ORDER

                                 Petitioner,

                                                                                                                        19-CV-6812L

                v.

T. STICHT,
Superintendent, Wyoming Correctional Facility, et al.,

                               Respondents.
_____

      Petitioner Timothy Wood ("Wood") was convicted after trial in Monroe County Court of unauthorized possession of a loaded firearm, menacing and a count of second-degree criminal possession of a weapon, based on the theory that Wood intended to use the weapon against another person. The court sentenced Wood to a twelve-year term of imprisonment, which he is currently serving.

      On direct appeal, the Appellate Division Fourth Department reversed the menacing charge and the weapons offense relating to Wood's intended use of the weapon against another person. The Appellate Division determined that the trial court's supplemental instruction during jury deliberations concerning presumptive evidence of intent was error under the circumstances since the charge was not responsive to the jury's inquiry and because it was given after argument by counsel thereby precluding counsel's ability to challenge the presumption. The Appellate Division left untouched the remaining count, unauthorized possession of a firearm.

Wood has now filed the instant habeas corpus petition, under 28 U.S.C. § 2254, challenging the single remaining count, unauthorized possession of a weapon. The People filed the Record and its Response to the petition (Dkt. #8).

## FACTUAL BACKGROUND

The incident at issue took place in the early morning hours of August 27, 2012, at Mark's Texas Hots, a restaurant in Rochester, New York. Sometime prior to that date, Frank Hall ("Hall"), a security employee/bouncer, asked Wood to leave the restaurant because of his belligerent, argumentative conduct with one of the waitresses there. Wood left the restaurant without incident.

However, on August 27, 2012, Wood returned to the restaurant and encountered Hall at the front of the restaurant. Wood asked Hall if he remembered him and Hall replied that he did, Wood once again became belligerent and argumentative and began cursing at Hall. Hall, once again, ordered Wood out of the restaurant. Wood did so but when he was outside, he turned, faced Hall and pointed a small black handgun at him.

Hall called the Rochester Police Department. Shortly thereafter, Rochester Police Officer Shawn Jordan, together with Hall, encountered Wood at a nearby 7-11 parking lot. Wood was arrested and during the arrest, Officer Jordan saw a pistol in Wood's waistband. Wood was taken to the Rochester Public Safety Building.

Wood was interviewed and admitted that he had been carrying a firearm for protection. He also admitted that he had been forced to leave the restaurant as a result of a dispute with a waitress. He denied threatening Hall with the weapon and claimed he had only returned to Mark's to advise employees there that he would not be patronizing the restaurant again.

2

At trial, the evidence on the weapons possession charge was very strong. Both Hall and Officer Jordan testified about their observation of Wood and his possession of the firearm. Wood's post-arrest statement admitting possession was also introduced as evidence and, significantly, Wood testified in his defense. He admitted before the jury that he went to Mark's with the loaded handgun and acknowledged that he was not authorized to carry the gun. In essence, Wood admitted committing the unlawful possession charge, which he challenges in this petition.

## DISCUSSION

In his habeas corpus petition, Wood raises three issues. He contends that (1) the Appellate Division Fourth Department erred when it determined that Wood's conviction for knowing possession of a loaded firearm was not impacted by the trial court's improper supplemental instruction on intent; (2) that the record on appeal was somehow inaccurate; and (3) the jury deliberations at trial were tainted because a juror entered near the courtroom to deliver a note during deliberations.

For several reasons, the petition must be denied and the case dismissed. Wood has failed to allege and establish any federal constitutional violation; has failed to exhaust some claims and has procedurally defaulted claims.

In reviewing state criminal convictions in a federal habeas corpus proceeding, a federal court does not sit as a super-appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). *See also Ponnapula v. Spitzer*, 297 F.3d 172, 182-83 (2d Cir. 2002). "[F]ederal courts do not sit to review state law. So Federal courts will not review federal claims when the state court's decisions are supported by a state-law reason, an 'independent and adequate state ground.'" *Richardson v. Superintendent Coal Township SCI*, 905 F.3d 750, 759 (3d Cir. 2018).

It is also well established law that before one can proceed on a Section 2254 habeas corpus petition, he must have exhausted that claim before state courts.  One cannot file a petition in federal court and allege constitutional violations for the first time without having exhausted proceedings on such claims in state court.

Wood's first claim on his petition that the Appellate Division unreasonably determined that his firearms possession charge was not impacted by that court's reversal of the two other counts of conviction must be denied for several reasons.  First of all, such a claim is based on an interpretation of state law.  Wood contends that the Appellate Division erred when it rejected Wood's appellate argument that his weapons conviction should have been reversed as well because of the "spillover" affect from dismissal of the other counts.

The Appellate Division, in its decision, noted that the jury note which caused the trial court to issue its improper instruction related only to the second and third counts of the Indictment and related to intent.  The first count of the Indictment, unlawful possession of a loaded firearm, had no "intent" element and the Appellate Division found that there was no reasonable possibility that vacating the two counts affected the remaining count.

As noted above, the evidence that Wood did possess the firearm was overwhelming: two witnesses observed his possession, he confessed to it when arrested and, remarkably, he also testified at trial before the jury and admitted possessing the firearm.  Furthermore, Wood failed to allege in state court any violation of his federal constitutional rights.  Therefore, such a claim is unexhausted since the law requires that he first give the state the opportunity to correct any alleged violations of federal constitutional rights.

Wood certainly could have raised such a claim before the state court but he failed to do so. Wood no longer has a state court remedy since his appeals in state court have been resolved.

Therefore, he has procedurally defaulted and has failed to show any prejudice should this Court decline to review. As mention, the evidence that Wood unlawfully possessed the firearm is overwhelming.

Wood's remaining two claims likewise fail. Wood claims that some vague inaccuracies in the record affected his appeal. However, Wood raised this matter on direct appeal and the Appellate Division found that the claim had no merit whatsoever. In any event, Wood has never explained or made any claim that an alleged inaccuracy violated his rights under the United States Constitution. Once again, Wood has failed to exhaust remedies by presenting that constitutional claim to the state court.

Once again, Wood has defaulted and is procedurally barred. In any event, the alleged inaccuracy which Respondents describe as "indecipherable" (Respondent's Response at 15) had to do with a probable cause hearing, which had virtually nothing to do with Wood's trial conviction. There is no basis on this claim for habeas corpus relief.

Finally, Wood's last claim is without merit and must be denied. Wood claims that during deliberations, the jury foreperson walked a few steps from the jury room toward the courtroom and handed a note to a courtroom deputy. Wood did raise this claim on his direct appeal but the Appellate Division rejected it on state law grounds holding that the objection was unpreserved and declined to review the matter on appeal. That state court finding controls. The state court rejected the claim on a state-law basis, independent of any federal constitutional issue and such a finding binds this Court. Wood also has failed to show any cause for his failure to preserve this claim.

Furthermore, this matter seems of little moment and frivolous. The trial court did acknowledge that the foreperson had left the jury room and handed a note to a courtroom deputy near the door to the courtroom but the court found that the juror had walked only about four feet

unescorted. The trial court found that the parties in court were not discussing any matter of substance relating to the trial.

In sum, on this claim the Appellate Division declined to consider the matter because Wood failed to preserve the matter for appellate review. That decision constitutes a separate state court reason to bar the claim and provides a proper basis for this Court to decline to consider the matter.

## CONCLUSION

Petitioner Timothy Wood's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is in all respects DENIED and the petition is DISMISSED.

The Court also declines to issue a certificate of appealability because Wood has failed to make a substantial showing in violation of any constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 25, 2021.